JOHN M. RHODES v. JOHN G. LEWIS.

*Register of Deeds—Election.*

The constitution and laws in force on the first Thursday in August, 1878, required that polls should be opened on that day for the election of registers of deeds as well as other county officers.

(*State* v. *Bell,* 3 Ire., 506 ; *State* v. *Melton,* Busb., 49, cited and approved.)

CASE AGREED heard at Chambers in Lincolnton, on the 9th of January, 1879, before *Schenck, J.*

The question presented was,—whether the election of plaintiff as register of deeds on the first Thursday in August, 1878, was regular and legal. His Honor held that it was, and ordered the defendant to surrender the office to the plaintiff. Appeal by defendant.

*Messrs. J. I. Scales* and *C. M. Cooke,* for plaintiff.
*Messrs. Platt D. Walker* and *W. R. Cox,* for defendant.

DILLARD, J. His Honor on consideration of the question submitted adjudged that the plaintiff was duly elected register of deeds of Gaston county, and as such was entitled to have possession of the office and books and papers pertaining thereto, and adjudged that defendant surrender the same to him, and that plaintiff recover his costs to be taxed by the clerk, and from this judgment the defendant appealed.

The controversy grew up thus: The constitution, art. VII, § 1, provides that "in each county there shall be elected biennially by the qualified voters thereof, as provided for the election of members of the general assembly, the following officers,—a treasurer, register of deeds, surveyor, and five commissioners," and under the act of 1873–'74, ch. 132, the time for electing said officers was fixed to be the first Thursday in August and every two years thereafter on the same day.

By the act of 1874–'75, ch. 237, the time for holding the election of members of the general assembly and the county officers provided for in said article and section of the constitution was changed from the first Thursday in August and every two years thereafter, to Tuesday after the first Monday in November, 1876, without provision for elections thereafter, and in said act were retained the rules and regulations for elections as prescribed in Bat. Rev., ch. 52, entitled "general assembly," and in chapter 132, laws of 1873–'74,

with an amendment of said chapters merely in so far as to make the same conformable to the altered time of holding said elections. The act aforesaid of 1874–'75 changed the time to Tuesday after the first Monday in November, 1876, and omitted to enact anything in respect to any elections *thereafter* to be had, as the constitution was expected soon thereafter to be amended and go into effect. And therefore it was that no provision was made for any elections subsequent to the one authorized as aforesaid for 1876, and that was purposely left for future legislation in conformity to what might be the requirements of the forthcoming constitution.

By the amended constitution, the election of the county officers by the qualified voters of each county, " *as provided for the election of members of the general assembly,*" is reproduced in precisely the same words heretofore quoted, as were used in art. VII, § 1, of the constitution of 1868, and in order to provide the legislation suited to carry this clause of the constitution into effect, the general assembly at the session of 1876–'77, ch. 141, § 2, by an act entitled " an act to establish county governments," enacted in the words of the constitution that in each county the county officers therein specified should be biennially elected by the qualified voters " as provided for members of the general assembly," without providing any rules and regulations in said act to be observed in the elections.

The legislature, recognizing the necessity of machinery to carry into effect the clause of the constitution under consideration, besides the chapter 141 aforesaid, passed an act at the same session of 1876–'77, ch. 275, entitled " an act to regulate elections," wherein it is enacted that state officers, congressmen and members of the general assembly and county officers. naming the register of deeds, shall be elected on Tuesday after the first Monday in November in 1880, and every two years thereafter, and rules and regulations

are prescribed for such elections, both before and after 1880, minutely directing, amongst other things, that the state officers shall be voted for on one ballot, members of the general assembly on one ballot, and county officers—clerk, treasurer, register of deeds, surveyor—on one ballot. After providing for the declaration of the result, the act in the 77th section fixes the time of the next general election of officers, state and county, to be on the first Thursday in August, 1878, and in the recital of the officers then to be elected, omits to mention the register of deeds.

His Honor's judgment was that the election of plaintiff as register of deeds upon the facts agreed was authorized by law, notwithstanding the omission of his name in the recitals of the aforesaid section, and we concur in opinion with him.

In construing statutes, it is the duty of courts to ascertain and carry out the legislative intent, so far as it can be done within the fair meaning of the words used by the lawmakers, interpreted with reference to the subject matter and the policy of the enactment. To this end it is a settled rule to examine and compare the different parts of the same statute and with other statutes made *in pari materia*. *State* v. *Bell*, 3 Ire., 506 ; *State* v. *Melton*, Busb., 49. Now, if we take art. VII. § 1, of the constitution and consider the same as *in pari materia* with chapter 141 of acts of 1876, for the establishment of county governments, and chapter 275, passed at the same session, to regulate elections, there can be no reasonable doubt of the intention that the register of deeds was to be elected with the other county officers. No reason can be suggested why the election of the members of the general assembly and all the other county officers should be provided for and the register of deeds be intentionally omitted; and in our opinion upon a fair construction of the constitution and the statutes aforesaid, his election was

as well authorized by law as any other county officer at the election held on the first Thursday in August, 1878.

The constitution was mandatory to the legislature that the register and other county officers should be elected "*as provided for the election of members of the general assembly,*" and provision being made for the election of *members of the general assembly* and all sufficient rules and regulations prescribed for *their election* in chapter 275, acts 1876–'77, it cannot be doubted that thereby the election of the county officers was in law sufficiently authorized, at the time, places, and manner provided for the members of the general assembly, and there was no necessity that they should be named in the 77th section of said act. Manifestly the constitution having declared that the county officers were to be elected "*as provided for members of the general assembly,*" an act providing the machinery as to *their* election would have sufficed in legal effect as to the county officers, without any mention of their names in the act; and therefore, if in section 77 aforesaid, there had been no mention of *the time* of election of any others than the members of the general assembly, the county officers would have been elected at the same time, for the constitution had fixed it that they were to be elected "*as provided for members of the general assembly.*"

In our opinion section 77 of chapter 275 of the acts 1876–'77, was designed to fix the time of election in 1878, and the omission of the name of the register of deeds therein did not affect his election, as the same had been already otherwise sufficiently authorized.

We agree with His Honor that the election of the plaintiff as register of deeds was regular and legal, and concur in the judgment that defendant do surrender to him the office and the books and papers pertaining thereto.

There is no error. Let this opinion be certified that proper proceedings be had for the enforcement of the judgment in the court below.

No error.                                    Affirmed.